(*Circuit Court of Cook County.*)

## Building Trades Council
### vs.
## Board of Education of the City of Chicago.

(March 12, 1898.)

1. CONTRACTS—UNION LABOR. A private individual has the un-doubted right to insert in his agreements that none but union labor shall be employed in carrying out the contract.
2. SAME—BOARD OF EDUCATION. The board of education being pub-lic officials cannot insert such a stipulation in its contract from mere sentiment or caprice, unless such action would subserve the public interests.
3. SAME—PUBLIC POLICY. If the board should decide that it is to the public interest to insert in its contracts that none but union labor should be employed, or if the board should provide that none but union workmen should be employed upon the pay-roll of the board, no one can complain.
4. ARBITRATION. There is no such legal "controversy" between the parties upon the above facts as is contemplated by the act under which the submission is made.

Submission to Judge Murray F. Tuley under act of June 17, 1887. Gen. No. 182,260.

For statement of facts see opinion.

*McMahon & Cheney*, for complainant.

*Donald L. Morrill*, for defendant.

TULEY, J.:—

The questions submitted are: Whether the board of educa-tion of the City of Chicago has "the right to insert in all con-

tracts and specifications connected therewith the provision that none but union labor shall be employed in any part of the work where said work is classified under any 'existing union,' " and

Second, whether said board of education has the right to enforce a rule whereby "none but union workmen shall be employed and placed upon the payroll of the board."

Waiving for the present the question whether this is "a controversy," within the meaning of "the act to prevent delay in the administration of justice," I will give my judgment upon the points involved, as I agreed to do upon the said submission being made.

There would be no question raised if the contracts or payrolls in question were those of a private individual, as to his right to provide for the employment of union labor only. A private individual has the undoubted right to put any such provision in any contract that he may make, or he may put in a provision that no union labor shall be employed in carrying on the contract. He may insert either provision that he wishes, at a loss to himself, or from mere sentiment, or caprice. The law recognizes the right of an individual to do what he will with his own in that regard. There can be no doubt but that under certain circumstances the board of education might insert in its contracts a provision for the employment of none but union labor, or provision that no union labor should be employed, but, being public officials, charged with the duties of a public trust, the members of the board could not act, knowingly, at a loss to the public funds, or from mere sentiment or caprice, or from any motive other than to subserve the public interests and to faithfully discharge the public trust confided to them.

If the board should find that the skilled labor of the country was practically organized into "unions," whose members refused to work with non-unionists, that unless a clause requiring all work to be done by "union" labor be inserted, there will probably be "strikes" upon the work, causing delay, loss and trouble incident to strikes, and if it should find that by reason of the situation confronting the board, it would

be wise and prudent to insert such provision, or, in other words, if the board should, in the discharge of their public trust, be honestly of the opinion, after due investigation, that the public interests, both as to economy in the construction of the work, and the character of the work done would be best subserved by the insertion of the union labor clause in the contracts, it would clearly have the right and it would be its duty to insert such a provision.

There can in my opinion be no doubt of the legality of the union labor clause, nor as to the rule as to placing none but unionists upon the payroll, if the board should be of the opinion that the public interests would be best promoted thereby. The propriety of so doing, or the justification of so doing, is a question solely for the board to decide. They must decide as to the proper performance of their duties and the proper discharge of the trust imposed upon them.

It is urged, however, that the board of education being a public agency, and the work in question being work which is for the benefit of the public, that it is against public policy that the board of education should discriminate as between "union" and "non-union" labor. Be that as it may, it is not for the board of education to decide, or to be guided by what it believes to be the best public policy. It is for the state legislature to determine questions of public policy. The board of education has no legislative duties to perform in connection with the carrying out of its public works, and in the absence of limitations or restrictions imposed by the state legislature, it must perform its duties and discharge its trust with a view solely to the best interests of the public, having regard to economy in the construction of the work contracted for and the quality of the work to be done.

In my opinion, however, there is no such legal "controversy" between the parties to this submission, the board of education and the building trades council, such as is contemplated by the act under which this submission is made. Certainly no *mandamus* would lie against the board of education to make it insert in its contract a "union labor" or a "non-union labor" clause, and there is no agreement between

the board and the Building Trades Council which the latter could file a bill to enforce the specific performance of. In other words, there is no controversy between these parties within the purview of the act in question.

The submission made to the court will therefore be dismissed for that reason.